UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VINCENT LOPEZ,

                                                    09-CV-961(TCP)

             Petitioner,

  -against-                                                **MEMORANDUM
                                                        AND ORDER**

UNITED STATES of AMERICA,

             Respondent.

-----------------------------------------------------------------X
PLATT, District Judge.

Before the Court is petitioner Vincent Lopez's petition for a Writ of Error *Audita Querela*. For the following reasons, petitioner's motion is hereby **DENIED**.

## *Background*

On or about June 7, 1991 and after a jury trial, petitioner Lopez was found guilty of Counts One and Ten from an indictment naming thirty-nine defendants for their participation in a heroin and cocaine trafficking ring operating throughout the New York metropolitan area.[1] Count One charged Lopez with conspiracy to distribute and possession with intent to distribute heroin and cocaine. Count Ten charged Lopez with violence in aid of racketeering.

The testimony at trial established that defendant began working as a runner for the drug trafficking organization in 1987 and, approximately two years later, was running the operation along with his co-defendants. The record also establishes that Lopez was involved in a particularly violent assault wherein he and other members of the organization kidnaped, beat and stabbed an individual known as Todd Middleton, whom they had noticed loitering near one of

---

1. The facts are taken from the petitioner's and government's papers in support and opposition.

their drug selling spots.[2]

On October 25, 1991, this Court sentenced Lopez to 405 months incarceration. Lopez appealed his conviction, but the Second Circuit Court of Appeals affirmed both his conviction and sentence. *See United States v. Rosa*, 11 F.3d 315 (2d Cir. 1993).

Petitioner now moves for a writ of error audita querela on the grounds that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, forbid sentence enhancements based on circumstances not found by a jury or admitted to by a defendant.

### *Discussion*

Pursuant to 28 U.S.C. § 1651(a), the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990). "The common law writ of *audita querela* permitted a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.' " *Id.* (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2867 at 235 (1973)).

"In federal *civil* practice, *audita querela* has been expressly superseded by Rule [60(e)]."[3] *Id*. With respect to criminal convictions, "the writs of error coram nobis and audita querela remain available in very limited circumstances." *United States v. LaPlante*, 57 F.3d 252, 253 (2d

---

2. As the government notes, the trial testimony established that defendant and other members of the organization attacked Middleton with several weapons, including an icepick. The assault occurred in late December 1987 after defendant and one of his co-conspirators found Middleton loitering near one of their drug spots. They kidnaped Middleton, beat and stabbed him more than 100 hundred times, knocked him senseless and left him covered in blood from head to toe. Mem. in. Opp. at p. 2.

3. Federal Rule of Civil Procedure 60(e) states: The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

Cir. 1995). The First Circuit Court of Appeals has held that audita querela is "probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." *United States v. Holder*, 936 F.2d 1, 5 (1st Cir. 1991). *See United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) ("In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of *audita querela* would lie.").

Petitioner Lopez argues that "this Court erroneously enhanced Petitioner[']s sentence under a preponderance of the evidence." Mem. in Supp. at p. 9. He points out that he "received a five point enhancement by the U.S. Probation Office (to include a 2 point enhancement for possession of firearms and a 3 point enhancement for a supposed "managerial" role in the Unknown conspiracy)." *Id.* Lopez contends that his Federal Guidelines sentence was enhanced based on factors not found or determined by a jury and he is entitled to a writ of audita querela based on the reasoning of the *Apprendi v. New Jersey*, *supra*, line of cases, including *United States v. Booker*, 543 U.S. 220 (2005).

In *Booker*, the Supreme Court held that the Sixth Amendment applied to the Federal Sentencing Guidelines and, consequently, a defendant could only be sentenced within a guideline range for unlawful conduct for which a jury found the defendant guilty under the "beyond a reasonable doubt" standard. 543 U.S. at 243-44.

As the government correctly points out, however, the Second Circuit Court of Appeals has rejected the applicability of a writ of audita querela under these circumstances because

*Booker* does not apply retroactively to cases on collateral review. *Richter*, 510 F.3d at 104; Mem. in Opp. at p. 3. *See Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005) (holding that "*Booker* is not retroactive, *i.e.*, it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* issued").

Accordingly, because Lopez's conviction and sentence was final as of January 12, 2005, his motion for a Writ of Error Audita Querela must be and hereby is **DENIED**.

**SO ORDERED**.

Dated: April 9, 2012
      Central Islip, New York

/s/
Thomas C. Platt, U.S.D.J.